PETER RUNEY, Respondent, *v.* GEORGE W. REA, Appellant.

DESCRIPTION OF PROPERTY IN LIEN NOTICE.—In the notice of mechanics' lien filed in the county clerk's office, the description of the property sought to be charged ought to be as certain and definite as the description of property in a deed or mortgage where the property was described as a dwelling-house, situated on the south end of lot 6, "to which the said R. has a leasehold interest," and it turned out that R.'s

leasehold interest was to the north one hundred feet of the lot; that R.'s dwelling was in the center of the lot, and that another person owned a dwelling on the south end of lot 6: *Held,* that the notice was not sufficient and that no lien attached.

APPEAL from Clatsop County. The facts are stated in the opinion.

*F. D. Winton and Geo. W. Rea,* for appellant.

*Robb & Fulton,* for respondent.

By the Court, KELLY, C. J.:

The facts of this case are substantially as follows: Peter Runey, by virtue of a contract with Geo. W. Rea, furnished the materials and lathed and plastered Rea's dwelling-house, on lot 6 of block 16, in Shively's Astoria, and completed it on the third day of February, 1877, when a settlement was had, and there was found due Runey for the same the sum of seventy-six dollars and sixty-five cents, for which sum Rea then executed his note to Runey, payable "one day after date," which note was, by mistake, dated "January 3, 1877." The said lot is one hundred and fifty feet north and south, by fifty feet in width, and Rea had a lease for the north one hundred feet.

On the twentieth day of March, 1877, Runey filed in the office of the county clerk the required statement and description of the property, describing it as the dwelling-house of George W. Rea, situated on the south end of lot 6, of block 16, Shively's Astoria, and as property "to which said Rea has a leasehold interest." At the August term, 1877, of the circuit court for Clatsop county, Runey instituted suit to foreclose his said lien, and in his complaint alleged in substance the foregoing.

The answer of the appellant, after denying all the material allegations of the complaint, alleges in substance that the materials and work were of an inferior quality; that the property did not belong to him, but to "one Maggie Rea, the wife of appellant," and that the house is situated on the north end of the lot. The reply denies the allegations of the answer. At the January term, 1878, said court ren-

dered a decree as prayed for by the respondent, and from this decree Rea appeals to this court.

The only point in this case which we deem it necessary to consider is the sufficiency of the description in the notice, filed by the respondent in the clerk's office, to create a lien on appellant's dwelling-house. It is there described as "situated on the south end of lot 6 in block 16, Shively's Astoria." The court below sent the case to a referee, who found that appellant had a leasehold interest in the north one hundred feet of lot 6 in block 16 in Shively Astoria, and that the dwelling-house erected on this one hundred feet, and upon which the respondent claims a lien, is situated exactly in the centre of lot 6 in block 16. The evidence in the case also shows that one Cottle has a lease of fifty feet off the south end of lot 6 in block 16 in Shively's Astoria, and that he has a dwelling-house upon it.

Section 18 of the act, approved October 28, 1874, in relation to mechanics' liens, provides that "Every sub-contractor * * * who shall acquire any lien under the provisions of this act shall within thirty days after the completion or repair of any such building * * * file in the office of the county clerk a just and true account of the demand due to him, after deducting all proper credits and offsets, and shall verify the same by his own oath, and shall also file at the same time a description of the property to be charged by said lien, and in default thereof shall lose his lien.

"The original contractor having a lien shall file such verified account and description within sixty days after the completion or repairs of such building, * * * otherwise the benefit of such lien, so far as he is concerned, shall be lost."

This being a statutory lien, any one desiring to avail himself of it must strictly comply with the requirements of the law, otherwise no lien will exist. In this case we regard the description of the property in the notice filed by the respondent as radically defective, for uncertainty. It describes the dwelling-house as situated on the south end of lot 6 in block 16. The evidence shows that it is not on the south end but in the centre of that lot; and that the dwell-

ing-house of Mr. Cottle is on the south end of it. In a suit to foreclose a mechanics' lien the decree must direct the property to be sold which is described in the notice filed in the clerk's office, and none other. And if properly entered in this case the decree of the court would authorize the sale of what interest the appellant had in Cottle's dwelling-house. In the case of the *City of Crawfordsville* v. *Irwin et al.*, 46 Ind. 437, the property was described in the notice as "Part of lot No. 110 in the original plat of the city of Crawfordsville." And the supreme court of that state says: " We regard the notice of the lien as radically defective for uncertainty in the description of the property. ' A part of lot No. 110 ' is descriptive of no particular property. What part of the lot or how much of it can not be determined. Under this description what would the sheriff sell or the purchaser buy ?"

The description of the property in a notice of a mechanics' lien, filed in the office of the county clerk, ought to be as certain and definite as the description of property in a deed or mortgage.

The decree of the circuit court is reversed and the complaint dismissed.